## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDREWS ENTERPRISES, INC. d/b/a RELIABLE AUTO & TRUCK REPAIR,<br><br>        Plaintiff,<br><br>    v.<br><br>ISAAC FISH; and FISHHEAD PERFORMANCE, LLC,<br><br>        Defendants. | Case No. 2:19-cv-00484-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Currently before the Court are 1) Defendants' Motion to Dismiss (Dkt. 8), and 2) Plaintiff's Motion to Amend its Complaint (Dkt. 13). The parties also filed several motions related to the above motions. Dkt. 14, 21, 24. Briefing is complete on all of the motions and they are ripe for decision. For the reason that follows the Court will grant Plaintiff's motion to amend in part, and grant Defendants motion to dismiss in part.

## BACKGROUND

Plaintiff Andrews Enterprises alleges copyright and trademark infringement

**MEMORANDUM DECISION AND ORDER - 1**

against its former employee, Defendant Isaac Fish, and his company Fishhead

Performance, LLC. Andrews Enterprises alleges that Fish established

"www.fishheadperformance.com" while employed with Andrews and with its

funds. *Amd. Compl.* ¶¶ 6-7, Dkt. 6. Andrews alleges that the website contained a

copyright stamp of "Reliable." *Id.* ¶ 9. Fish ceased employment at Andrews in

2018. *Id.* ¶ 10. Andrews alleges Fish changed the access information for the

website, blocking Andrews' access, and is now illegally using it. *Id.* ¶ 11. Andrews

also alleges that Fish illegally removed various property belonging to it. *Id.* ¶ 12.

Andrews initiated this action on December 9, 2019 by filing a complaint

alleging conversion, copyright infringement, trademark infringement, and

"misappropriation of a domain name." *Compl.,* Dkt. 4. On December 12, 2019,

Plaintiff filed an amended complaint adding one paragraph to the trademark

infringement claim. *Amd. Compl.* ¶ 19, Dkt. 6.

On February 14, 2020, Defendants filed a motion to dismiss for failure to

comply with Federal Rule of Civil Procedure 8(a)(1) and failure to state a claim

under Rule 12(b)(6). On February 26, 2020, Plaintiff filed a motion for leave to

amend its complaint. Dkt. 12. The proposed amended complaint attempts to

address some of the defects noted in Defendants' motion. Dkt. 12. Plaintiff also

filed a motion to defer this Court's ruling on the motion to dismiss until the Court

ruled on the motion to amend. Dkt. 14.

## LEGAL STANDARD

### A.    Motion to Dismiss

Under Rule 8 a pleading that states a claim for relief must include both "grounds for the court's jurisdiction" and "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). "[T]he pleading standard Rule 8 announces … demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556.

In a more recent case, the Supreme Court identified two "working

principles" that underlie *Twombly. See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–679. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir.2009). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir.1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse*

*Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir.2007) (citations omitted).

**B.    Motion to Amend**

Motions to amend are analyzed under Federal Rule of Civil Procedure 15(a). Rule 15(a) is a liberal standard and leave to amend "shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946 (9th Cir. 2006). When determining whether to grant leave to amend, the Court considers five factors to assess whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

"An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). A district court may refuse leave to amend a complaint "where the amendment would be futile, or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted). The standard used to determine the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule

12(b)(6). *Miller*, 845 F.2d at 214.

## ANALYSIS

Fish argues that Andrews' complaint should be dismissed for failure to comply with Rule 8(a)(1) for failure to state grounds for this Court's jurisdiction. *Def.'s Mem.* at 3, Dkt. 9. The complaint does not contain a specific section providing "a short and plain statement of the grounds for the court's jurisdiction." In a technical sense, the Complaint does fail to comply with Rule 8. However, the Complaint unambiguously raises claims for copyright and trademark, both of which arise under federal law. Nothing more is required to satisfy Rule 8(a)(1). *See* 5 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1206 (3d ed.)(if the complaint contains a substantial claim under a federal statute or common law, both the jurisdictional prerequisite and the pleading requirements of Rule 8(a)(1) are satisfied); *Gardner v. First Am. Title Ins. Co.*, 294 F.3d 991, 994 (8th Cir. 2002) (Rule 8(a)(1) is satisfied if the complaint "say[s] enough about jurisdiction to create some reasonable likelihood that the court is not about to hear a case that it is not supposed to have the power to hear." *Hammes v. AAMCO Transmissions*, Inc., 33 F.3d 774, 778 (7th Cir.1994)). Therefore, Fish's motion to dismiss for failure to comply with Rule 8(a)(1) will be denied.

Fish next argues that Plaintiff's claim for copyright infringement should be

dismissed because Plaintiff is not the owner of a registered copyright. *Id.* at 3-4. It is not clear from any of the complaints what exactly Andrews claims a copyright to. Andrews references the website and content Fish allegedly made for it, and also references a copyright stamp. *See Second Amd. Compl.* ¶¶ 20-25, Dkt. 13-1. In its reply Andrews also references "Fishhead Performance Turning" as a protected business name. *Pl.'s Rep.* at 2, Dkt. 26.

"To state a claim for copyright infringement, Plaintiff must plausibly allege: (1) that it owns a valid copyright in some aspect of the website, and (2) that Defendants copied protected aspects of the website. *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019). To plead ownership, Plaintiff must plausibly allege it owns a valid copyright registration for its work. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) ("[A]lthough an owner's rights exist apart from registration, registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights.") (citations omitted).

Andrews admits in its reply that it has not registered a copyright for anything Fish may have taken or be copying. *Pl.'s Rep.* at 2. Because Andrews has not registered its copyright it cannot state a claim for copyright infringement. This exhaustion problem may be cured by registering the copyright in the future.

However, until that occurs, Andrews may not pursue its copyright claim in this action. Accordingly, this claim will be dismissed without prejudice.

Defendants argue that Andrews' trademark infringement and "misappropriation of a domain name" claims are not sufficient to survive their motion under Rule 12(b)(6). In its proposed amended complaint Andrews appears to have addressed these deficiencies and consolidated the claims into one claim for trademark infringement. *Proposed Amd. Compl.* at 3-4. Defendants do not contest the revised trademark infringement claim or Plaintiff's conversion claim. *See Def.'s Resp.*, Dkt. 20. Therefore the Court will grant Plaintiff's motion to amend and allow it to proceed on its conversion and trademark infringement claims.

For the reasons stated above Defendants' motion to dismiss will be granted in part—the copyright infringement claim will be dismissed without prejudice—the remainder will be denied. Plaintiff's motion to amend will be granted in part—except for the copyright infringement claim. Plaintiff must file a second amended complaint within 14 days of this order. The complaint may include claims of conversion and trademark infringement, but may not contain a claim for copyright infringement, unless Plaintiff has registered its copyright by then.

The Court finds the remainder of the pending motions are moot, either because the Court did not rely on the materials referenced in the motions (Dkt. 21,

24) or because the Court decided both the motion to amend and motion to dismiss

at the same time (Dkt. 14).

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Dismiss (Dkt. 8) is GRANTED IN PART and
   DENIED IN PART as described above.

2. Plaintiff's Motion to Amend Complaint (Dkt. 13) is GRANTED IN
   PART and DENIED IN PART as described above.

3. Plaintiff's Motion to Seek Deferral of the Court's Ruling on Defendant's
   Motion (Dkt. 14) is DENIED AS MOOT.

4. Defendants' Motion to Strike Declaration of Joe Andrews (Dkt. 21) is
   DENIED AS MOOT.

5. Defendant's Request for Judicial Notice (Dkt. 24) is DENIED AS
   MOOT.

DATED: May 13, 2020

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 9**